**LEE v. DE ARMAS**

———

(February 17, 1930.  Opinion and Decree.)

———

L. H. Perez, of New Orleans, attorney for plaintiff, appellee.

Dymond & Levy and Geo. C. Schœnberger, Jr., of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff sues for $410, claiming $400 as the rental value of his boat, the "Beulah B," for 40 days, and $10 as compensation for the services of himself and his three sons for one day.

The defendant contends: That the boat was rented for only six days, that $10 a day is an exorbitant charge for a boat of that type, and that he has settled in full with plaintiff for the six days' use at $5 per day.

The 40-day period, during which plaintiff claims defendant had exclusive use of the boat, is alleged to have commenced on September 10, 1927, and to have terminated on October 20, 1927.

Strange to say, although defendant states in his testimony that he did not receive the boat until September 28th, he admits in his answer that:

"* * * on or about September 10, acting as the agent for Peter J. Buras & Company, he rented the boat 'Beulah B' * * *."

Plaintiff and his witnesses testify ·that the boat was delivered on September 10th, but defendant, in spite of the admission to which we have referred, swears that he did not get the boat until September 28th. No objection was made to his thus departing from the allegations of his answer. The record overwhelmingly shows that the boat in fact was not turned over to him until September 28th, and thus, even if plaintiff were otherwise correct, 18 days should be deducted from the time for which he claims rental. His statement and those of his sons, that September 10th, was the date on which the boat was delivered, are very hesitating and uncertain, whereas the testimony of defendant's witnesses as to the other date is clear and positive.

Plaintiff charges that it was understood that defendant was to have the exclusive use of the boat until he turned it back to plaintiff. On this point, also, the preponderance of the evidence is with defendant. During most of the time in question the boat remained at plaintiff's wharf and defendant sent for it only when he needed it. That he used it only six days is not denied. The record convinces us that, during that time plaintiff claims defendant had the exclusive right to the use of the boat, plaintiff's sons took it out several times for their own purposes, and, on one occasion, used it for a trip of several days to Bayou Lafourche. Why defendant, who needed the boat only once in each week or ten days, should have made a contract for its exclusive use, is beyond our comprehension and we do not believe that he did so.

The claim that $10 a day is a fair charge for the use of such a boat is not borne out. On the contrary, it appears that five or six dollars per day would have been much nearer the usual charge for a boat of this type.

But the complete answer to plaintiff's charge that defendant owes him anything is found in the fact that plaintiff accepted and used a check for $6.21 as the balance due for the use of the boat.

Defendant testifies that after the boat was used it was agreed that $30 was the amount due, this being based on a charge of $5 a day for six days, and that, as the boat was in fact rented for the use of Peter J. Buras & Company, of which partnership defendant was a member, and as plaintiff was indebted unto the Buras firm for supplies, it was agreed that a balance should be struck, and that such balance as was due

should be paid in cash and that this balance, $6.21, was paid and is represented by the .check which we find in the record.

The case presents no questions except of fact but on those questions, the proof in favor of defendant abundantly preponderates. The judgment of the district court was clearly erroneous.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be, and it is, annulled, avoided and reversed, and that there now be judgment in favor of defendant, dismissing plaintiff's suit.